■ JOHN A. CEREO et al., Respondents, v TAKIGAWA KOGYO Co., LTD., et al., Defendants, and RELIANCE ELECTRIC INDUSTRIAL COMPANY, Appellant. [676 NYS2d 364] —Order unanimously affirmed without costs. Memorandum: In this products liability action, Supreme Court properly denied the motion of defendant Reliance Electric Industrial Company (Reliance) for summary judgment dismissing the complaint. The accident occurred in May 1990 while John A. Cereo (plaintiff) was repairing a rolling mill bar handling machine with a leaky air line. When someone turned off the power at an operating panel, a pneumatically controlled roller returned to an "up" position and crushed plaintiff's foot. Plaintiffs contend that Reliance negligently redesigned the machine's operating panels in 1988 without lock-out devices that would have prevented the power from being shut off while he was working on the machine. Reliance contends that it performed the work pursuant to a subcontract with defendant Fordees Corporation (Fordees) and that it was a mere component manufacturer without responsibility for the design flaw (*see, Leahy v Mid-West Conveyor Co.,* 120 AD2d 16, *lv denied* 69 NY2d 606). Reliance, however, failed to meet its initial burden of establishing as a matter of law that the modifications were made in accordance with design

specifications from Fordees (*see, Fruin-Colnon Corp. v Niagara Frontier Transp. Auth.*, 180 AD2d 222, 229-230). Nor did Reliance establish as a matter of law that it did not breach a duty to warn (*see, Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289, 297). We reject Reliance's contention that plaintiff has no cause of action for breach of warranty because there was no privity. Privity is not required in a personal injury action for breach of express or implied warranty (UCC 2-318). We also reject Reliance's contention that the complaint should have been dismissed because of plaintiff's alleged contributory negligence (*see, Rusiecki v Hoffman Investors Corp.*, 222 AD2d 275; *Sheppard v Smith Well Drilling & Water Sys.*, 93 AD2d 474, 478). (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.