■ RONNA SCHNEIDMAN, Appellant, v WHITAKER COMPANY, Respondent. [758 NYS2d 142] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered September 24, 2001, which, upon the granting of the defendant's application to dismiss the causes of action alleging breach of express and implied warranties and products liability, made at the close of the plaintiff's case, for failure to establish a prima facie case, and upon a jury verdict in favor of the defendant and against her on the issue of negligence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when she fell while getting off a chair lift that was installed in her home by the defendant. She subsequently commenced the instant action, alleging causes of action sounding in negligence, breach of implied warranty, breach of express warranty, and strict products liability. At the conclusion of the plaintiff's case-in-chief, the trial court dismissed her causes of action sounding in breach of express and implied warranties and products liability on the ground that she failed to come forward with any direct evidence of a defect. The Supreme Court further determined that the evidence, at best, indicated that the chair lift might have been negligently installed. The case was submitted to the jury solely on the question of negligent installation of the chair lift. The jury found that the defendant had not been negligent.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed her breach of implied warranty and

products liability claims. "Where there is no proof of a specific defect in a product, a plaintiff may rely on circumstantial evidence that the product did not function as intended to prove a defect. In that case, 'if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect' " (*Dubecky v S2 Yachts,* 234 AD2d 501, 502 [1996], quoting *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 127 [1990]). Moreover, a duty to warn does not arise when the injured party is already aware of the specific hazard (*see Lonigro v TDC Elecs.,* 215 AD2d 534, 535-536 [1995]). Here, the plaintiff failed to present any direct or circumstantial evidence of a manufacturing defect and further testified that she was aware of the alleged hazard before the accident.

Furthermore, the Supreme Court properly dismissed the plaintiff's breach of express warranty claim because she failed to come forward with any evidence that the defendant made any specific statement of fact or promise which induced her to obtain the chair lift or that she relied upon any such affirmation of fact or promise (*see Schimmenti v Ply Gem Indus.,* 156 AD2d 658 [1989]; *see also Davis v New York City Hous. Auth.,* 246 AD2d 575, 576 [1998]).

Finally, the Supreme Court properly charged the jury on the issue of negligence (*see Marzuillo v Isom,* 277 AD2d 362 [2000]). Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.