■ DEBRA A. WESP et al., Respondents-Appellants, v CARL ZEISS, INC., et al., Appellants-Respondents. [783 NYS2d 439]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Barbara Howe, J.), entered June 12, 2003. The order granted defendants' motion for summary judgment in part by dismissing so much of the strict products liability and negligence causes of action that are predicated on manufacturing defect or failure to warn and otherwise denied the motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to the negligence and strict products liability causes of action insofar as they are predicated on design defect and dismissing those causes of action to that extent and denying that part of the motion with respect to those causes of action insofar as they are predicated on manufacturing defect and reinstating those causes of action to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries that Debra A. Wesp (plaintiff), a surgical nurse, sustained while moving a 600-pound surgical microscope and floor stand unit at the hospital where she worked. Plaintiffs asserted causes of action in negligence, strict

products liability, and breach of implied warranties of fitness and merchantability. The causes of action for negligence and strict products liability are predicated on design defect, manufacturing defect, and failure to warn. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion in part by dismissing so much of the negligence and strict products liability causes of action as are predicated on manufacturing defect or failure to warn.

The court erred in denying that part of defendants' motion seeking summary judgment dismissing the negligence and strict products liability causes of action insofar as they are predicated on design defect. Defendants met their initial burden on the summary judgment motion through the affidavit of a mechanical engineer who had first-hand knowledge of the design and testing of the floor stand at issue. He averred that the floor stand and its casters were state of the art at the time of their design and manufacture, and complied with all applicable industry standards (*see generally Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Plaintiffs failed to meet their burden in opposition by establishing that the product "was not reasonably safe and that it was feasible to design the product in a safer manner" (*Banks v Makita, U.S.A.*, 226 AD2d 659, 661 [1996], *lv denied* 89 NY2d 805 [1996]; *see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]). Plaintiffs' expert, a certified safety professional, was qualified to offer an opinion that the product was not reasonably safe for employees to move because of the degree of force required to move the microscope on its portable floor stand. We conclude, however, that, because he did not establish that he had qualifications, experience, or personal knowledge in the design, manufacture, or use of portable floor stands for mounted surgical microscopes, he was not qualified to offer an opinion whether there were safer alternative designs for the product at issue (*see Geddes v Crown Equip. Corp.*, 273 AD2d 904, 905 [2000]; *Merritt v Raven Co.*, 271 AD2d 859, 862 [2000]; *see also Cervone v Tuzzolo*, 291 AD2d 426, 427 [2002]; *Fallon v Clifford B. Hannay & Son*, 153 AD2d 95, 101-102 [1989]). Moreover, plaintiffs' expert based his opinion largely on safety standards, not manufacturing standards (*see Merritt*, 271 AD2d at 862). Thus, plaintiffs failed to raise a triable issue of fact on the negligence and strict products liability causes of action insofar as they are predicated on design defect (*see Liz v William Zinsser & Co.*, 253 AD2d 413, 414 [1998]).

The court further erred in granting that part of defendants' motion seeking summary judgment dismissing the negligence

and strict products liability causes of action insofar as they are predicated on manufacturing defect. To establish a prima facie case of strict products liability predicated on manufacturing defect, a plaintiff must prove that the product did not perform as intended and that the product was defective when it left the manufacturer's control (see Nichols v Agway, Inc., 280 AD2d 889 [2001]). Assuming, arguendo, that defendants met their burden by establishing that the casters on the portable floor stand were in proper working order when it arrived at the hospital, we conclude that plaintiffs raised a triable issue of fact. Another surgical nurse testified that the floor stand was as difficult to move on the first day it arrived as it was on the day of plaintiff's accident, but that, when a broken caster was subsequently repaired, the floor stand moved much more easily. That testimony, if credited by the jury, is circumstantial evidence sufficient to establish that the floor stand was defective when it arrived at the hospital (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41-43 [2003]; see generally Codling v Paglia, 32 NY2d 330, 337 [1973]).

The court properly granted that part of defendants' motion seeking summary judgment dismissing the negligence and strict products liability causes of action insofar as they are predicated on failure to warn. Plaintiff was aware of the specific hazard that caused her injury, i.e., the difficulty in moving the mounted surgical microscope, based on her previous experience in moving it; therefore, any warning would have been superfluous (see Schiller v National Presto Indus., 225 AD2d 1053, 1054 [1996]; Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55, 65 [1980]; see also Warlikowski v Burger King Corp., 9 AD3d 360, 362 [2004]). The court also properly denied that part of defendants' motion seeking summary judgment dismissing the cause of action for breach of implied warranties. Defendants met their initial burden of establishing that the product was fit and reasonably safe for the ordinary purposes for which it was to be used (see Lauber v Sears, Roebuck & Co., 273 AD2d 922 [2000]; see generally Denny v Ford Motor Co., 87 NY2d 248, 258-259 [1995], rearg denied 87 NY2d 969 [1996]). We conclude, however, that plaintiffs' proof in opposition raised a triable issue of fact whether the product was not fit for the ordinary purposes for which it was to be used (cf. Butler v Interlake Corp., 244 AD2d 913, 915 [1997]).

Because we have concluded that there are issues of fact concerning defendants' liability, we reject defendants' contention that the conduct of plaintiff was the sole proximate cause of her injuries; comparative fault must be determined by the

trier of fact (*see generally Sheppard v Smith Well Drilling & Water Sys.*, 93 AD2d 474, 478 [1983]). Defendants' further contention, based on the speculative affidavit of a field service representative, that the sole cause of plaintiff's injuries was a significant modification of the product owing to misuse or abuse by hospital employees, is unsupported by the record.

We therefore modify the order by granting that part of defendants' motion with respect to the negligence and strict products liability causes of action insofar as they are predicated on design defect and dismissing those causes of action to that extent and denying that part of defendants' motion with respect to those causes of action insofar as they are predicated on manufacturing defect and reinstating those causes of action to that extent (*see generally Cooley v Carter-Wallace, Inc.*, 102 AD2d 642, 648 [1984]; *Lancaster Silo & Block Co.*, 75 AD2d at 62), and we otherwise affirm. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.