■ J.C. CONSTRUCTION MANAGEMENT CORP., Appellant, v NASSAU-SUFFOLK LUMBER & SUPPLY CORP., Respondent. (And a Third-Party Action.) [789 NYS2d 903]—

In an action, inter alia, to recover damages for breach of an express warranty and implied warranties of merchantability or fitness for a particular purpose, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated October 20, 2003, which, after a nonjury trial, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A cause of action to recover damages for breach of an express warranty requires proof of reliance (*see Gale v International Bus. Machs. Corp.*, 9 AD3d 446, 447 [2004]; *Strishak & Assoc. v Hewlett Packard. Co.*, 300 AD2d 608 [2002]). Here, the plaintiff failed to establish that he relied on the oral and written express warranties of the defendant in purchasing the specific brand of wood for use in building his outdoor deck (*see Schneidman v Whitaker Co.*, 304 AD2d 642 [2003]).

In addition, the plaintiff failed to establish a breach of the implied warranties of merchantability or fitness for a particular purpose (*see* UCC 2-314, 2-315). There was no indication that the specific brand of wood it purchased was not fit for the ordinary purpose for which it was used, i.e., high-end deck construction (*see Saratoga Spa & Bath v Beeche Sys. Corp.*, 230 AD2d 326, 330-331 [1997]; *cf. Episcopal Church Home of W.N.Y. v Bulb Man*, 274 AD2d 961 [2000]). Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.