■ PAUL GALLETTA, Appellant, v SNAPPLE BEVERAGE CORP., Respondent. [793 NYS2d 467]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated June 27, 2003, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when, after striking the bottom of a glass bottle of Snapple brand Peach Iced Tea twice, the glass bottle shattered, cutting his left wrist. The plaintiff testified that on each occasion that he purchased a bottle of Snapple he would strike the bottom of the bottle because that made it easier to open. The plaintiff subsequently commenced this product liability action against Snapple Beverage Corp. (hereinafter Snapple) alleging, inter alia, that the bottle was negligently manufactured and designed. The Supreme Court granted Snapple's motion for summary judgment dismissing the complaint. We affirm.

In a product liability case, "if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect" in order to defeat the motion (*Schneidman v Whitaker Co.*, 304 AD2d 642, 643 [2003] [internal quotation marks omitted]; *see Sideris v Simon A. Rented Servs.*, 254 AD2d 408, 409 [1998]). Snapple met its prima facie burden based on the plaintiff's deposition testimony and evidence provided by its employee regarding the manufacture of the subject bottle. We agree with the Supreme Court that the report by the plaintiff's

expert, submitted with Snapple's moving papers, supported Snapple's contention that a defect in the subject bottle was not a substantial factor in causing the plaintiff's injuries. As the plaintiff failed to present evidence sufficient to raise any triable issue of fact, the Supreme Court properly granted summary judgment to the defendant dismissing the complaint.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.