■ JOAN KIERSZNOWSKI, Appellant, v GREGORY B. SHANKMAN, M.D., P.C., et al., Defendants, and YALE MATERIALS HANDLING CORPORATION, Respondent. [889 NYS2d 781]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered September 22, 2008 in a personal injury action. The order granted the motion of defendant Yale Materials Handling Corporation for summary judgment and dismissed the complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell from the operator's platform of a forklift truck in the course of her employment as an inventory control clerk. The accident occurred when plaintiff elevated the operator's platform approximately 12 feet above the floor and took a step back, unaware that a supplemental platform fabricated by her employer had become detached from the forklift truck. The forklift truck was equipped with a tether and safety belt and the tether was attached to the forklift truck, but plaintiff admittedly failed to fasten the safety belt correctly. According to plaintiff, the forklift truck was defectively designed by Yale Materials Handling Corporation (defendant), and defendant failed to provide adequate warnings with respect to the danger of falling from the operator's platform.

Supreme Court properly granted the motion of defendant seeking summary judgment dismissing the complaint against it. We note at the outset that plaintiff has failed to address any issues with respect to those parts of the motion seeking summary judgment dismissing the causes of action for breach of express and implied warranties, and we thus deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). With respect to the remaining two causes of action, for strict products liability and negligence, defendant met its initial burden by submitting the affidavit of the engineer responsible for the design of the forklift truck, who averred that the forklift truck met all applicable safety standards relating to its design (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967 [2004]). Plaintiff failed to raise a triable issue of fact in opposition to the motion by submitting the affidavit of her expert. It does not appear on the record before us that plaintiff's expert "has any experience or personal knowledge in the design, manufacture or use of forklift trucks, nor is the expert's conclusion that the forklift truck was defective and unsafe . . . supported by foundational facts, such as a deviation from industry standards or statistics showing the frequency of injuries caused by using such a forklift truck" (*Geddes v Crown Equip. Corp.*, 273 AD2d 904, 905 [2000]; *see Wesp*, 11 AD3d at 967).

With respect to the cause of action for failure to warn, defendant met its initial burden by establishing that plaintiff was aware of the hazards of operating the forklift truck without properly wearing her safety belt and ensuring that the supplemental platform was securely attached to the forklift truck. Under the circumstances, defendant had no duty to warn plaintiff because " 'a warning would have added nothing to [her] appreciation of the danger' " (*Theoharis v Pengate Handling Sys. of N.Y.*, 300 AD2d 884, 886 [2002], quoting *Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998]). In any event, we conclude that the warning label affixed to the forklift truck adequately communicated the dangers at issue (*see id.*). Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.