LISSA RABON-WILLIMACK, Appellant, et al., Plaintiff, v ROBERT MONDAVI CORPORATION et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. SAINT-GOBAIN CONTAINERS, INC., Third-Party Defendants-Respondents. [905 NYS2d 190]—

In an action to recover damages for personal injuries, etc., the plaintiff Lissa Rabon-Willimack appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 8, 2008, which granted the motion of the defendants/third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted against them and granted the cross motion of the third-party defendants for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the third-party defendants which was for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff Lissa Rabon-Willimack is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The injured plaintiff, Lissa Rabon-Willimack (hereinafter Willimack), and her husband, suing derivatively, commenced this action against, among others, the Robert Mondavi Corporation and the Robert Mondavi Winery (hereinafter together Robert

Mondavi), the manufacturer and bottler of Robert Mondavi Woodbridge Chardonnay, to recover damages for personal injuries sustained when a bottle of wine broke in her hand as she was attempting to open it with a corkscrew while working as a bartender in a restaurant. Willimack alleged causes of action sounding in strict products liability, breach of warranty, and negligence. Robert Mondavi commenced a third-party action against Saint-Gobain Containers, Inc., and its predecessors (hereinafter collectively Saint-Gobain), which manufactured the wine bottle.

Following discovery, Robert Mondavi moved, and Saint-Gobain cross-moved, inter alia, for summary judgment dismissing the complaint on the ground, among others, that there was no evidence that the bottle of wine was defective. In support, they relied on the conclusion of their experts that the bottle fractured because Willimack, while utilizing a waiter's corkscrew as a lever to uncork the bottle, applied excessive force to the top of the wine bottle with the metal fulcrum of the corkscrew. The Supreme Court granted the motion and cross motion, inter alia, for summary judgment dismissing the complaint, prompting this appeal by Willimack. We affirm.

A party injured as a result of a defective product may seek relief against the product manufacturer or others in the chain of distribution if the defect was a substantial factor in causing the injury (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41 [2003]; Codling v Paglia, 32 NY2d 330, 342 [1973]). A product may be defective because of a mistake in the manufacturing process resulting in a manufacturing flaw, because of an improper, defective design, or because the manufacturer failed to provide adequate warnings regarding the use of the product (see Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]; Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107 [1983]). In a products liability case, "if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect" to defeat the motion (Schneidman v Whitaker Co., 304 AD2d 642, 643 [2003] [internal quotation marks omitted]; see Galletta v Snapple Beverage Corp., 17 AD3d 530 [2005]; Sideris v Simon A. Rented Servs., 254 AD2d 408, 409 [1998]).

Here, Robert Mondavi and Saint-Gobain each established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged strict products liability based upon a manufacturing defect by submitting the deposition testimony of their employees and expert affidavits which established that the subject bottle was not defective when

it left their manufacturing and bottling facilities (*see Preston v Peter Luger Enters., Inc.*, 51 AD3d 1322, 1324 [2008]; *McArdle v Navistar Intl. Corp.*, 293 AD2d 931, 932-933 [2002]; *Tardella v RJR Nabisco*, 178 AD2d 737, 737-738 [1991]; *see also Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223-224 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact by submitting direct evidence that a defect existed when the product left the manufacturer (*see McArdle v Navistar Intl. Corp.*, 293 AD2d at 932; *Van Deusen v Norton Co.*, 204 AD2d 867, 869 [1994]), or by "exclud[ing] all other causes for the product's failure that are not attributable to defendant[ ]" (*Speller v Sears, Roebuck & Co.*, 100 NY2d at 41; *see Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]; *Maciarello v Empire Comfort Sys.*, 16 AD3d 1009, 1011 [2005]).

Robert Mondavi and Saint-Gobain also made a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the complaint as alleged strict products liability based upon a design defect by submitting deposition testimony and affidavits of their experts which established that there was no flaw in the design of the subject bottle, and that the bottle fractured due to excessive force applied to the top of the bottle with the two-pronged fulcrum of a waiter's metal corkscrew (*see Galletta v Snapple Beverage Corp.*, 17 AD3d at 530; *Garrison v Clark Mun. Equip.*, 241 AD2d 872, 873 [1997]). In opposition, the plaintiffs proffered the expert affidavit of Carl J. Abraham, a professional engineer with a specialization in safety, safety engineering, and design, which consisted primarily of conclusory and speculative allegations that the accident was caused by the inherent weakness of the neck of the bottle, that Robert Mondavi was aware that wine bottles were fracturing in the neck during the opening process, and that there were safer alternative designs. An expert's affidavit—offered as the only evidence to defeat summary judgment—"must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor" (*Adamy v Ziriakus*, 92 NY2d 396, 402 [1998] [citation omitted]; *see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *see also Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223-224 [2008]). As the expert's opinion was not supported by foundational facts, such as the results of actual testing of the bottle, a deviation from industry standards, or statistics showing the frequency of consumer complaints or injuries resulting from the alleged product defect, it lacked sufficient probative value to raise a triable issue of fact as to whether the subject bottle was not reasonably safe in its design (*see D'Auguste v Shanty Hollow Corp.*, 26

AD3d 403, 404 [2006]; *Masiello v Efficiency Devices*, 6 AD3d 672, 673 [2004]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399, 399-400 [2002]).

In addition, Robert Mondavi and Saint-Gobain made a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the complaint as alleged strict products liability based upon a failure to warn by establishing, as a matter of law, that they had no duty to warn of the risks created by the use or misuse of another manufacturer's product (*see Rastelli v Goodyear Tire & Rubber Co.*, 79 NY2d 289 [1992]; *cf. Singh v G & A Mounting & Die Cutting*, 276 AD2d 617 [2000]), or of the danger of applying pressure to a glass bottle with a metal object while holding the bottle in one's hands (*see Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084-1085 [2003]; *Baptiste v Northfield Foundry & Mach. Co.*, 184 AD2d 841, 843 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact in this regard (*see Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]).

Willimack's remaining contentions are without merit. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.