JAMES A. GUZZI et al., Respondents, v CITY OF NEW YORK et al., Defendants, and THOMAS & BETTS CORPORATION et al., Appellants. [923 NYS2d 170]—

In an action to recover damages for personal injuries, etc., the defendants Thomas & Betts Corporation and Elastmold appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), entered November 13, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff James A. Guzzi (hereinafter the plaintiff) worked as a utility splicer for Consolidated Edison (hereinafter Con Ed)

for 11 years. In April 2007, he attempted to lift a "mechanical half," also known as a "cable joint," by tying a rope around the insulating sleeve covering the "yoke" of the cable joint. As he and his partner were lifting the cable joint, water found its way into the space between the yoke and the insulating sleeve, causing an explosion which allegedly resulted in injuries to the plaintiff. The plaintiff and his wife, suing derivatively, brought this action against, among others, the appellants, who, inter alia, manufactured the subject cable joint. Con Ed has disposed of the cable joint at issue.

The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, submitting in support the affidavit of a senior applications engineer, who stated that the subject cable joint complied with all applicable industry standards and that the plaintiff could have avoided the accident by simply shutting off the electric current through the cable joint before attempting to lift it. They also submitted the deposition testimony of the plaintiff's coworker, who testified that the accident occurred because the plaintiff improperly tied the rope around the insulating sleeve, which caused the sleeve to fail and allow water in when the plaintiff attempted to lift the cable joint. The plaintiff failed to contradict this testimony in his own deposition testimony. In opposition, the plaintiff submitted the affidavit of a licensed professional safety engineer, who stated that the cable joint was defective, that there should have been a cutoff switch inside the manhole for the plaintiff to deactivate the electricity, that there should have been additional warnings inside the manhole, and that the cable joint should have been equipped with a "clamp" to prevent the insulating sleeve from separating from the yoke. In an order entered November 13, 2009, the Supreme Court denied the appellants' motion. We reverse.

A product may be defective when it contains a manufacturing flaw, is defectively designed, or is not accompanied by adequate warnings for its use (*see Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107 [1983]). In a products liability case, "if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect" in order to defeat the motion (*Schneidman v Whitaker Co.*, 304 AD2d 642, 643 [2003] [internal quotation marks omitted]; *see Galletta v Snapple Beverage Corp.*, 17 AD3d 530, 531 [2005]; *Sideris v Simon A. Rented Servs.*, 254 AD2d 408, 409 [1998]). To establish a prima facie case in strict products liability for design defects, a plaintiff must show that

the manufacturer marketed a product that was not reasonably safe in its design, that it was feasible to design the product in a safer manner, and that the defective design was a substantial factor in causing the plaintiff's injury (*see Gonzalez v Delta Intl. Mach. Corp.*, 307 AD2d 1020, 1021 [2003]; *see also Voss v Black & Decker Mfg. Co.*, 59 NY2d at 107). Where the product at issue is no longer available, and the plaintiff seeks to prove a manufacturing defect by circumstantial evidence, the plaintiff must establish that the product did not perform as intended, and exclude all other causes of failure not attributable to the manufacturers (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]).

Here, the appellants demonstrated prima facie entitlement to judgment as a matter of law on the issue of design defect by submitting the affidavit of their senior applications engineer, who had firsthand knowledge of the design and stated that the cable joint complied with all applicable standards and there were no previous incidents of explosions (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967 [2004]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). They further established prima facie entitlement to judgment as a matter of law on the issue of manufacturing defect by establishing that the failure of the cable joint was attributable to the plaintiff's own conduct. They also established that they could not be liable for a failure to warn the plaintiff, because the plaintiff, an experienced utility splicer, was aware of the dangers presented by a live electrical cable near water (*see Lonigro v TDC Elecs.*, 215 AD2d 534, 535 [1995]; *Banks v Makita, U.S.A.*, 226 AD2d 659, 660 [1996]).

The affidavit of the plaintiffs' safety expert, submitted in opposition, failed to raise a triable issue of fact. The expert failed to identify any specific defect in the manufacturing process (*see Finazzo v American Honda Motor Co.*, 1 AD3d 315, 317 [2003]). Moreover, because the expert had no qualifications or experience with respect to the manufacture or use of cable joints, or personal knowledge of the design or manufacture of the cable joint at issue, he was not qualified to offer an opinion on whether there were safer alternative designs (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d at 967).

The plaintiffs' remaining contentions are without merit.

Therefore, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.