# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**328**
**CA 14-00908**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

GARY CHAMBERLAIN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MAC TRAILER MANUFACTURING, INC., DEFENDANT,
MODERN DISPOSAL SERVICE, INC.,
DEFENDANT-RESPONDENT,
AND CUSTOM CANVAS MFG. CO., INC.,
DEFENDANT-APPELLANT.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (C. CHRISTOPHER BRIDGE OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (BRADLEY D. MARBLE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

CARTAFALSA, SLATTERY, TURPIN & LENOFF, BUFFALO (PHYLISS A. HAFNER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered January 14, 2014.  The order denied the
motion of defendant Custom Canvas Mfg. Co., Inc., for summary judgment
dismissing the complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion of defendant
Custom Canvas Mfg. Co., Inc. in part and dismissing the second cause
of action against that defendant insofar as it is based on an alleged
manufacturing defect, and as modified the order is affirmed without
costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained while opening the back door of a trailer owned
by defendant Modern Disposal Service, Inc.  According to plaintiff,
his injuries were caused by a defect in a roll top canvas tarp that
covered the trailer.  The tarp was designed, manufactured and
installed by defendant Custom Canvas Mfg. Co., Inc. (Custom Canvas).
The complaint asserts two causes of action, for negligence and strict
products liability, the latter of which alleges, in relevant part,
that Custom Canvas defectively designed and manufactured the canvas
tarp.  Following discovery, Custom Canvas moved for summary judgment
dismissing the complaint against it, and Supreme Court denied the
motion.  We now modify the order by granting the motion to the extent
that it seeks dismissal of the strict products liability cause of

action based on an alleged manufacturing defect.

At the outset, we note that plaintiff did not oppose the motion insofar as it sought dismissal of the strict products liability cause of action based on an alleged manufacturing defect; instead, plaintiff's opposition was focused exclusively on the defective design theory. In any event, we conclude that Custom Canvas met its initial burden by establishing that the product was not defectively manufactured as a matter of law (*see Preston v Peter Luger Enters., Inc*., 51 AD3d 1322, 1324; *McArdle v Navistar Intl. Corp*., 293 AD2d 931, 932), and in response plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

With respect to the alleged design defect, Custom Canvas had the burden of establishing through the affidavit of a person with "qualifications, experience, or personal knowledge in the design, manufacture or use" of the product that the product "complied with all applicable industry standards" (*Wesp v Carl Zeiss, Inc*., 11 AD3d 965, 967; *see Steinbarth v Otis El. Co.*, 269 AD2d 751, 752), and that the product was "reasonably safe for its intended use when it was manufactured" consistent with those industry standards (*Gian v Cincinnati Inc.*, 17 AD3d 1014, 1016). Here, Custom Canvas failed to meet its initial burden because it presented no evidence concerning the industry standard for the construction of roll top canvas tarps. Moreover, an expert's opinion concerning the safety of a product must be supported by facts, and the expert may not simply assert in conclusory fashion that the product was not defective (*see generally Romano v Stanley*, 90 NY2d 444, 451; *Wesp*, 11 AD3d at 967), and Custom Canvas' expert did not address plaintiff's theory that Custom Canvas negligently designed the tarp by using aluminum, rather than steel, tarp catchers. We thus conclude that the court properly denied Custom Canvas' motion insofar as it sought summary judgment dismissing both the strict products liability cause of action based on an alleged design defect and the negligence cause of action. Because Custom Canvas failed to make a "threshold showing" that its tarp was not negligently designed, we need not address its alternative contention that the tarp was substantially modified after it was distributed (*Hoover v New Holland North Am., Inc*., 23 NY3d 41, 56).

Entered:  May 1, 2015                      Frances E. Cafarell
                                           Clerk of the Court