# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

305

CA 15-01554

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

ANGELA ROSS, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

ALEXANDER MITCHELL AND SON, INC., BASIC
INSTALLATIONS, INC., AND THE MILLS COMPANY,
A SUBSIDIARY OF BRADLEY CORPORATION,
DEFENDANTS-APPELLANTS-RESPONDENTS.
------------------------------------------------
ALEXANDER MITCHELL AND SON, INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

V

BASIC INSTALLATIONS, INC., AND THE MILLS
COMPANY, A SUBSIDIARY OF BRADLEY CORPORATION,
THIRD-PARTY DEFENDANTS-RESPONDENTS.

---

GOERGEN, MANSON & MCCARTHY, BUFFALO (KELLY J. PHILIPS OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT ALEXANDER MITCHELL AND SON, INC. AND
THIRD-PARTY PLAINTIFF-APPELLANT.

SANTACROSE & FRARY, ALBANY (KEITH M. FRARY OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT AND THIRD-PARTY DEFENDANT-RESPONDENT
BASIC INSTALLATIONS, INC.

SUGARMAN LAW FIRM LLP, SYRACUSE (KATHLEEN C. SASSANI OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT AND THIRD-PARTY DEFENDANT-RESPONDENT
THE MILLS COMPANY, A SUBSIDIARY OF BRADLEY CORPORATION.

STANLEY LAW OFFICE, SYRACUSE (JON COOPER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered November 26, 2014 in a personal
injury action.  The order, among other things, denied defendants'
motions for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motions of defendant-
third-party plaintiff and defendant-third-party defendant The Mills
Company, a Subsidiary of Bradley Corporation, in part and dismissing
the claims and cross claims alleging strict products liability based
on a manufacturing defect against them, and as modified the order is

affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a bathroom stall door in the women's bathroom at her place of employment fell and struck her.  The accident occurred approximately four months after new bathroom stalls were installed as part of a bathroom renovation project undertaken by plaintiff's employer.  The bathroom stalls, including the doors and related hardware, were manufactured by defendant-third-party defendant The Mills Company, a Subsidiary of Bradley Corporation (Mills).  The general contractor for the renovation project hired defendant-third-party plaintiff Alexander Mitchell and Son, Inc. (Mitchell) to provide the materials for the bathroom stalls and to perform the installation.  Mitchell subcontracted the installation work to defendant-third-party defendant Basic Installations, Inc. (Basic).  Following plaintiff's accident, Mitchell stored the door in its garage, where it remained for a period of up to six months, after which it inexplicably disappeared.

Mills, Mitchell and Basic appeal from an order that denied their respective motions seeking, inter alia, summary judgment dismissing the amended complaint and cross claims against them.  We conclude that Supreme Court properly denied that part of the motion of Mills seeking summary judgment dismissing plaintiff's claims that Mills breached express and implied warranties of merchantability and fitness for use.  We reject the contention of Mills that, absent privity, it cannot be liable to plaintiff for breach of warranty.  "Privity is not required in a personal injury action for breach of express or implied warranty" (*Cereo v Takigawa Kogyo Co*., 252 AD2d 963, 964).

The court also properly denied those parts of the motions of Mills and Mitchell seeking summary judgment dismissing plaintiff's strict products liability claims against them to the extent that those claims are based upon an alleged design defect.  Mills and Mitchell met their initial burdens by presenting evidence that the bathroom stall door complied with applicable industry standards (*see Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967).  In response, however, plaintiff submitted evidence that the door and hinges were "not reasonably safe and that it was feasible to design the product in a safer manner," thereby raising triable issues of fact (*Banks v Makita, U.S.A.*, 226 AD2d 659, 661, *lv denied* 89 NY2d 805).

We reach a different conclusion with respect to plaintiff's strict products liability claims against Mills and Mitchell to the extent that they are based upon an alleged manufacturing defect.  Mills and Mitchell met their initial burdens by submitting evidence that the stall door and hinges were "manufactured under state of the art conditions according to [Mills's] specifications and that its manufacturing process complied with applicable industry standards.  The evidence further demonstrated that each [door and hinge] was individually tested before leaving [Mills's] plant and that[,] in light of such testing and inspection," the door and hinges would have conformed to Mills's specifications when they left the plant (*Ramos v Howard Indus., Inc.*, 10 NY3d 218, 223-224).  In response, plaintiff

failed to raise a triable issue of fact.  We therefore modify the order by granting those parts of the motions of Mills and Mitchell seeking summary judgment dismissing the strict products liability claims and cross claims based on a manufacturing defect against them.

The court properly denied that part of the motion of Mitchell seeking summary judgment dismissing the negligence claim against it. Mitchell failed to establish as a matter of law that it had no duty to inspect or supervise the installation work, or that it was not negligent in performing such inspection or supervision (*see Troll v Schoonmaker Bros*., 34 AD2d 1030, 1030-1031).  It is well established that "a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof" (*George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615).

In any event, we agree with plaintiff that, as an alternative basis for affirmance (*see Town of Massena v Niagara Mohawk Power Corp*., 45 NY2d 482, 488), Mitchell's loss or destruction of the door further supports the denial of that part of Mitchell's motion seeking summary judgment dismissing plaintiff's negligence claim against it (*see Simmons v Pierce*, 39 AD3d 1252, 1253).  The court also properly denied that part of Mitchell's motion seeking conditional indemnification from Mills inasmuch as Mitchell failed to establish as a matter of law that it was not negligent (*see Cook v Orchard Park Estates, Inc*., 73 AD3d 1263, 1266), and in view of the fact that Mills's inability to inspect the door prejudiced it in opposing that part of Mitchell's motion (*see Scherer v North Shore Car Wash Corp*., 32 AD3d 426, 428).

The court properly denied Basic's motion inasmuch as Basic failed to establish as a matter of law that it did not " 'launch[ ] a force or instrument of harm' " by negligently performing its installation work (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140; *see Bharat v RPI Indus., Inc.*, 100 AD3d 491, 491).  Finally, we reject Basic's contention that it is entitled to dismissal of the amended complaint against it based upon Mitchell's loss or destruction of the door (*see generally Denn v Hardwick*, 97 AD3d 629, 630; *Matter of Landrigen v Landrigen*, 173 AD2d 1011, 1012).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court