# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**256**
**CA 16-00835**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

DAVID J. PACY, INDIVIDUALLY AND AS PARENT AND
NATURAL GUARDIAN OF KIMBERLY M. PACY, AN INFANT,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

COWEN HOLDINGS, INC., ET AL., DEFENDANTS,
RAYTHEON COMMERCIAL LAUNDRY LLC, INDIVIDUALLY AND
DOING BUSINESS AS ALLIANCE LAUNDRY HOLDINGS LLC
AND AS SUCCESSOR IN INTEREST TO RAYTHEON COMPANY,
ALLIANCE LAUNDRY HOLDINGS LLC, FORMERLY KNOWN AS
RAYTHEON COMMERCIAL LAUNDRY LLC, AND ALLIANCE
LAUNDRY SYSTEMS LLC, DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS J. SPEYER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Chautauqua County
(Paul Wojtaszek, J.), entered February 2, 2016.  The order granted the
motion of defendants-respondents for summary judgment dismissing
plaintiff's complaint and all cross claims against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  On July 24, 2011, Kimberly M. Pacy, plaintiff's
daughter, was working at Webb's Year-Round Resort as a summer part-
time housekeeper.  One of the duties of plaintiff's daughter involved
laundering linens and towels for the resort.  When attempting to take
a load of towels out of the washer, plaintiff's daughter's right arm
became entangled and twisted.  As a result, plaintiff's daughter
sustained multiple injuries.

On February 14, 2012, this personal injury action was commenced
against defendants Raytheon Commercial Laundry, LLC, individually and
doing business as Alliance Laundry Holdings LLC and as successor in
interest to Raytheon Company, Alliance Laundry Holdings LLC, formerly
known as Raytheon Commercial Laundry LLC, and Alliance Laundry Systems
LLC (collectively, Alliance) as manufacturers of the washing machine.
Following discovery, Alliance moved for summary judgment dismissing
the complaint and any cross claims against it, contending that the

defects alleged by plaintiff were not the proximate cause of the accident and that the washing machine was not defectively designed. Supreme Court granted the motion, and we affirm.

On a motion for summary judgment, a defendant manufacturer meets its burden by establishing that its product was safe and complied with applicable industry standards (*see Ross v Alexander Mitchell & Son, Inc.*, 138 AD3d 1425, 1426; *Wesp v Carl Zeiss, Inc.*, 11 AD3d 965, 967; *see generally Romano v Stanley*, 90 NY2d 444, 452). Here, Alliance met its burden by establishing as a matter of law that the washing machine was a safe product because it was equipped with two devices, i.e., a door interlock and microswitch. Those devices automatically de-activate the spinning of the drum when the door is open, and the spinning concludes within a few seconds thereafter. Alliance also submitted proof establishing that the washing machine complied with industrial and safety standards and that it was reviewed and certified by several national safety organizations (*see Ross*, 138 AD3d at 1426; *Wesp*, 11 AD3d at 967; *see generally Romano*, 90 NY2d at 452). Plaintiff failed to meet his burden in opposition "by establishing that the product 'was not reasonably safe and that it was feasible to design the product in a safer manner' " (*Wesp*, 11 AD3d at 967; *see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108; *see also Hoover v New Holland N. Am., Inc.*, 23 NY3d 41, 53-54; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although plaintiff's expert averred that there should have been a braking mechanism present to "immediately slow and stop" the drum upon the door being opened, he failed to identify a suitable available modification that could have been made to *stop* the drum instantaneously, in contrast to the design at issue herein, which immediately *slows* the drum. Plaintiff's expert also failed to identify any regulations or industry standards requiring such a mechanism in a washing machine (*see Rabon-Willimack v Robert Mondavi Corp.*, 73 AD3d 1007, 1009), and he did not indicate whether any other manufacturers were using such modifications in their washing machines during the relevant time period (*see Reis v Volvo Cars of N. Am.*, 24 NY3d 35, 39; *see also Cwiklinski v Sears, Roebuck & Co., Inc.*, 70 AD3d 1477, 1480).

Further, although a manufacturer has a duty to warn against "latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237), it is not required to warn against dangers that are "readily apparent as a matter of common sense" (*id.* at 242). Users who are aware of an inherent danger as a result of their experience also need not be warned of that danger (*see Lamb v Kysor Indus. Corp.*, 305 AD2d 1083, 1084; *see also Liriano*, 92 NY2d at 241-242). Here, Alliance established in its motion submissions that sufficient warnings were placed on the washing machine, and plaintiff failed to raise a triable issue of fact (*see Zuckerman*, 49 NY2d at 562). Moreover, the testimony of plaintiff's daughter established that the daughter was aware of the danger of the moving drum, inasmuch as she usually checked to see if the drum was moving before reaching into the washing machine. Thus, even assuming, arguendo, that the warning label was insufficient as opined by plaintiff's expert, plaintiff

presented no proof that had an additional label existed to warn of the danger of the moving drum, his daughter would have heeded it.

Frances E. Cafarell
Clerk of the Court