Brady v City of N. Tonawanda (2018 NY Slip Op 03253)





Brady v City of N. Tonawanda


2018 NY Slip Op 03253


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


360 CA 17-01075

[*1]DARNELLE BRADY AND RONALDO PARKER, PLAINTIFFS-APPELLANTS,
v
CITY OF NORTH TONAWANDA, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
WEBSTER SZANYI LLP, BUFFALO (BRITTANY JONES OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 31, 2017. The order, insofar as appealed from, granted that part of the motion of defendant City of North Tonawanda for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion of defendant City of North Tonawanda for summary judgment dismissing the amended complaint against it is denied, and the amended complaint against it is reinstated.
Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when defendant Anthony D. Regalla, who was intoxicated, drove his vehicle up a paved driveway connecting the street to the paved park path where plaintiffs had been walking their dogs. As limited by their brief, plaintiffs contend that Supreme Court erred in granting that part of the motion of defendant City of North Tonawanda (City) for summary judgment dismissing the amended complaint against it. We agree.
Initially, we note that, while the City has a duty to maintain its roads in a reasonably safe condition (see generally Tomassi v Town of Union, 46 NY2d 91, 97 [1978]), plaintiffs' claims also implicate the City's "duty to maintain its park and playground facilities in a reasonably safe condition" (Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]; see Gagnon v City of Saratoga Springs, 51 AD3d 1096, 1098 [3d Dept 2008], lv denied 11 NY3d 706 [2008]). We thus reject the City's contention that it is immune from liability because plaintiffs' claims arise from its performance of a governmental function. "It is well settled that regardless of whether or not it is a source of income the operation of a public park by a municipality is a quasi-private or corporate and not a governmental function" (Caldwell v Village of Is. Park, 304 NY 268, 273 [1952]). Furthermore, a "municipality may not ignore the foreseeable dangers [it created], continue to extend an invitation to the public to use the area and not be held accountable for resultant injuries" (Rhabb, 41 NY2d at 202). Similarly, where, as here, it is undisputed that the City did not consider and render a determination regarding any potential danger prior to paving the driveway, the City's maintenance of the intersection in question is also a proprietary function (see Turturro v City of New York, 28 NY3d 469, 479-480 [2016]; Brown v State of New York, 79 AD3d 1579, 1582 [4th Dept 2010]).
Here, plaintiffs allege in their amended complaint that the City was negligent in "creating driveway access" to the park path without "install[ing] any type of barricade, bollard, or like device to prevent or deter vehicles from entering the bike path on which pedestrian and bicycle traffic was expected." The City never disputed in its motion papers that it paved the driveway [*2]during its development of the park, thereby creating the condition of which plaintiffs now complain, but it instead argued that "[p]laintiffs have offered no evidence" that the City failed to adhere to applicable design standards or that the driveway created or enhanced a risk to park patrons. It is well established that "a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof" (George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [4th Dept 1992]; see Ross v Alexander Mitchell & Son, Inc., 138 AD3d 1425, 1427 [4th Dept 2016]). Similarly, because the City relied exclusively on its argument, unsupported by any evidence, that a defective or dangerous condition did not exist for which a warning was required, it also failed to establish as a matter of law that it had no duty to warn of the foreseeable danger of collision created by this driveway access (see generally Pioli v Town of Kirkwood, 113 AD2d 59, 60-61 [3d Dept 1985]).
We also agree with plaintiffs that the court erred in concluding that Regalla's deposition testimony established that he did not intentionally turn his vehicle into the driveway area and that his actions were the sole proximate cause of plaintiffs' injuries. Contrary to the court's conclusion, Regalla had no coherent memory of the incident during his deposition, but instead he testified that on "the day of the accident [he] didn't know where the street end[ed]," and he "didn't know [he] was already to the end of the road." Thus, a jury could reasonably conclude that, in addition to Regalla's actions, the City's creation of an unobstructed, paved driveway directly connecting the street to the similarly paved park path was also a proximate cause of plaintiffs' injuries. Summary judgment should therefore have been denied without consideration of the sufficiency of plaintiffs' opposing papers (see generally Alvarez v Prospect Hosp.,
68 NY2d 320, 324 [1986]). 
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court