Tousant v Hamburg Overhead Door, Inc. (2024 NY Slip Op 06458)

Tousant v Hamburg Overhead Door, Inc.

2024 NY Slip Op 06458

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

806 CA 24-00119

[*1]THOMAS P. TOUSANT, PLAINTIFF-RESPONDENT,
v
HAMBURG OVERHEAD DOOR, INC., ET AL., DEFENDANTS, AND JAY M. DOOR SERVICE, DEFENDANT-APPELLANT. 

KNYCH & WHRITENOUR, LLC, EAST SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
STANLEY LAW OFFICES, LLP, SYRACUSE (ANTHONY R. MARTOCCIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered December 21, 2023. The order, among other things, denied the motion of defendant Jay M. Door Service for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained when he attempted to manually lower a large commercial garage door on a building owned by his employer, the Town of Parish (Town), using a bucket loader. The door had been installed pursuant to a contract between the Town and defendant Jay M. Door Service (defendant). Defendant appeals from that part of an order that denied its motion for summary judgment dismissing the complaint.
Initially, "viewing the evidence in the light most favorable to plaintiff[ ]" as the nonmoving party (Mariacher v LPCiminelli, Inc., 225 AD3d 1288, 1292 [4th Dept 2024]), we conclude that defendant failed to meet its initial burden of showing that it either had no duty to inspect or supervise the installation work or was not negligent in performing such inspection or supervision (see generally Ross v Alexander Mitchell & Son, Inc., 138 AD3d 1425, 1427 [4th Dept 2016]). Even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff raised a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), by submitting, inter alia, an affidavit of a professional engineer who opined that the accident was caused by improper installation of the torsion spring system on the garage door.
Defendant further contends that it owed no duty of care to plaintiff, who was not a party to its contract with the Town. We reject that contention. A contract alone generally does not give rise to a duty of care to a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]), but, in certain circumstances, including "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm" (id. at 140 [internal quotation marks omitted]), such a duty exists (see Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1353 [2d Dept 2021]; Ross, 138 AD3d at 1427). Here, defendant failed to establish as a matter of law that it did not "launch[ ] a force or instrument of harm" (Espinal, 98 NY2d at 140 [internal quotation marks omitted]) by negligently performing its duties (see generally Ross, 138 AD3d at 1427).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court