■ DANIEL CALABRO, Respondent, v DONNA K. PETERSEN, Appellant. [918 NYS2d 900]—

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v*

*Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff argues that the chronicling by his treating pain management physician, Dr. Steven J. Litman, of his lumbar back pain constituted evidence of serious injury. However, a plaintiff's complaints of subjective pain are insufficient to raise a triable issue of fact regarding serious injury (*see Scheer v Koubek,* 70 NY2d 678, 679 [1987]; *Catalano v Kopmann,* 73 AD3d 963, 964 [2010]). Moreover, although in a report dated December 17, 2008, Dr. Litman noted numeric limitations of range of motion of the plaintiff's lumbar spine, he failed to compare these limitations to the norms (*see Perl v Meher,* 74 AD3d 930, 931 [2010]). In any event, this quantification of the plaintiff's alleged limitation of range of motion was not based upon findings made contemporaneous to the accident or upon recent findings (*see Toure v Avis Rent A Car Sys.,* 98 NY2d at 350; *Perl v Meher,* 74 AD3d at 931). Accordingly, the defendant's cross motion for summary judgment dismissing the complaint should have been granted, and the plaintiff's motion for summary judgment on the issue of liability should have been denied as academic. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.