In an action, inter alia, to recover damages pursuant to General Municipal Law § 205-e, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), entered June 11, 2012, as granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action pursuant to General Municipal Law § 205-e insofar as predicated on a violation of New York City Health Code (24 RCNY) § 153.19.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant’s motion which was for summary judgment dismissing the cause of action pursuant to General Municipal Law § 205-e insofar as predicated on a violation of New York City Health Code (24 RCNY) § 153.19 is denied.
The plaintiff, a sergeant in the New York City Police Department, pursued a suspect on foot into a wooded, vacant lot owned by the City of New York. The lot was strewn with debris such as *857 radios, stereos, and hundreds of red-colored crates. There was also a structure with a base measuring five feet by five feet fashioned out of, among other things, wood, sticks, fabrics, and crates. Thinking that the suspect was hiding inside the structure, the plaintiff “kind of jumped” on a flat-lying piece of plywood that formed the foundation of the structure. His right foot went through that piece of plywood, and he sustained injuries to his right knee and right shoulder. The plaintiff was later separated from his employment, having been placed on disability leave.
The plaintiff commenced this action alleging, inter alia, a cause of action pursuant to General Municipal Law § 205-e, which he predicated on a violation of New York City Health Code (24 RCNY) § 153.19. The City moved for summary judgment dismissing that cause of action on the ground, inter alia, that New York City Health Code § 153.19 could not form a predicate for such a cause of action. The Supreme Court granted that branch of the motion, holding that section 153.19 was a “sanitation provision,” and that a General Municipal Law § 205-e cause of action had to be predicated on some form of “safety consideration.”
To support a cause of action under General Municipal Law § 205-e, a plaintiff law enforcement officer, inter alia, must identify the statute or ordinance with which the defendant failed to comply (see Williams v City of New York, 2 NY3d 352, 363-364 [2004]; Byrne v Nicosia, 104 AD3d 717, 719 [2013]). Liability pursuant General Municipal Law § 205-e will exist where there is negligent noncompliance with “any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus” (General Municipal Law § 205-e [1]), provided that the statute, ordinance, rule, order or requirement cited is found in a “well-developed bod[y] of law and regulation” that “impose[s] clear duties” (Desmond v City of New York, 88 NY2d 455, 464 [1996] [internal quotation marks and emphasis omitted]). Section 205-e must be applied “ ‘expansively’ so as to favor recovery by police officers whenever possible” (Williams v City of New York, 2 NY3d at 364; see Gonzalez v Iocovello, 93 NY2d 539, 548 [1999]).
New York City Health Code § 153.19 (a) provides that “[t]he owner, agent, lessee, tenant, occupant or other person who manages or controls a building or lot shall be jointly and severally responsible for keeping . . . the premises free from obstructions and nuisances and for keeping . . . the ... lot clean and free from garbage, refuse, rubbish, litter, other offensive matter or *858 accumulation of water.” Contrary to the Supreme Court’s conclusion, this provision constitutes a well-developed body of law (see Donna Prince L. v Waters, 48 AD3d 1137, 1138-1139 [2008]; cf. Galapo v City of New York, 95 NY2d 568, 575 [2000]; Desmond v City of New York, 88 NY2d at 464; Vosilla v City of New York, 77 AD3d 649 [2010]; Shelton v City of New York, 256 AD2d 611 [1998]). Further, it imposes clear duties (see Cosgriff v City of New York, 93 NY2d 539, 552 [1999]). Indeed, the failure to comply with section 153.19 can result in criminal sanctions, including incarceration for up to one year (see NY City Charter § 558 [e]; People v Eisen, 77 Misc 2d 1044 [1974]). Where criminal liability may be imposed, we would be “hard put to find a more well-developed body of law and regulation that imposes clear duties” (Williams v City of New York, 2 NY3d at 365).
Although, as the Supreme Court concluded, prohibitions against littering may be primarily directed toward aesthetic and health considerations, they also serve the purpose of keeping sidewalks and lots free of refuse that may present a tripping hazard. In any event, General Municipal Law § 205-e includes no exceptions; indeed, its language is broad, referring to any of the statutes, ordinances, rules, orders and requirements of virtually any governmental division, which are limited only to the extent that those provisions are well-developed and impose clear duties. The Legislature has frowned upon judicially crafted exceptions and defenses to General Municipal Law § 205-e, expressing its clear intent through subsequent amendments designed “to eradicate apparent confusion in the courts regarding the scope of [the statute] to ensure [that it is] applied in accordance with the original legislative intent to provide an umbrella of protection for police officers . . . who, in the course of their many and varied duties, are injured ... by any tortfeasor who violates any relevant statute, ordinance, code, rule, regulation or requirement” (Senate Mem in Support, 1996 McKinney’s Session Laws of NY at 2634). Thus, it was error for the Supreme Court, relying on Shepherd v Werwaiss (947 F Supp 71 [ED NY 1996]) for support, to conclude that New York City Health Code § 153.19 could not form the basis for a General Municipal Law § 205-e claim because it is a “sanitation provision.” Consequently, the defendant failed to satisfy its prima facie burden establishing its entitlement to judgment as a matter of law dismissing the General Municipal Law § 205-e cause of action on the basis that section 153.19 could not sufficiently support it.
The defendant also failed to satisfy its prima facie burden on *859 the issue of notice. Recovery under General Municipal Law § 205-e “does not require proof of such notice as would be necessary to a claim in common-law negligence” (Terranova v New York City Tr. Auth., 49 AD3d 10, 17 [2007] [applying this rule to a claim by a firefighter pursuant to the similarly worded General Municipal Law § 205-a]; see Alexander v City of New York, 82 AD3d 1022, 1024 [2011]). Rather, the plaintiff must only establish that the circumstances surrounding the violation indicate that it was a result of neglect, omission, or willful or culpable negligence on the defendant’s part (see Alexander v City of New York, 82 AD3d at 1024; Terranova v New York City Tr. Auth., 49 AD3d at 17-18). As the owner of the subject lot, the City failed to demonstrate that the plaintiffs injury was not the result of its alleged neglect of its property.
The City’s remaining contention is unpreserved for appellate review.
Accordingly, the Supreme Court should have denied that branch of the City’s motion which was for summary judgment dismissing the cause of action pursuant to General Municipal Law § 205-e insofar as predicated on a violation of New York City Health Code § 153.19. Mastro, J.P., Dillon, Angiolillo and Chambers, JJ., concur. [Prior Case History: 35 Mise 3d 1238(A), 2012 NY Slip Op 51036(U).]