Canner v Diamond (2020 NY Slip Op 06091)





Canner v Diamond


2020 NY Slip Op 06091


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-05815
 (Index No. 603434/15)

[*1]James Canner, etc., appellant, 
v
Roger Diamond, respondent.


Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellant.
Richard T. Lau & Associates, Jericho, NY (Gene W. Wiggins of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), dated April 12, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by a vehicle while he was riding a bicycle on June 3, 2012. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left ankle did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Contrary to the plaintiff's contention, the defendant's expert did not have to address the plaintiff's complaints of pain in his left ankle as subjective pain cannot form the basis of a serious injury (see Scheer v Koubek, 70 NY2d 678, 679; Calabro v Petersen, 82 AD3d 1030, 1031).
In his main brief, the plaintiff does not dispute the Supreme Court's determination that he failed to raise a triable issue of fact as to whether he sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Gobin v Singh, 176 AD3d 1034, 1035). To the extent that the plaintiff contends for the first time in his reply brief that he raised a triable issue of fact, this contention is not properly before this Court (see Castaldini v Walsh, 166 [*2]AD3d 577, 578).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court