Morales v City of New York (2021 NY Slip Op 02386)





Morales v City of New York


2021 NY Slip Op 02386


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-05323
 (Index No. 26575/05)

[*1]Robert Morales, respondent-appellant,
v
City of New York, et al., respondents, NASCO, appellant-respondent, et al., defendants.


James J. Toomey, New York, NY (Evy Kazansky of counsel), for appellant-respondent.
Weitz & Luxenberg, P.C., New York, NY (Gennaro Savastano and Nicholas Wise of counsel), for respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Kathy Park and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant NASCO appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated March 15, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York and New York City Police Department which was for summary judgment dismissing the cross claims of the defendant NASCO insofar as asserted against them, denied, in part, that branch of the cross motion of the defendant NASCO which was for summary judgment dismissing so much of the second cause of action as alleged negligence and strict products liability based upon a failure to warn insofar as asserted against it, and denied that branch of the cross motion of the defendant NASCO which was for summary judgment dismissing so much of the second and the fourth causes of action as alleged strict products liability based upon a design defect insofar as asserted against it. The order, insofar as cross-appealed from, granted that branch of the motion of the defendants City of New York and New York City Police Department which was for summary judgment dismissing so much of the first cause of action as alleged violations of General Municipal Law § 205-e.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants City of New York and New York City Police Department which were for summary judgment dismissing so much of the first cause of action as alleged a violation of General Municipal Law § 205-e predicated upon Labor Law § 27-a, and the cross claims of the defendant NASCO insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant NASCO and the defendants City of New York and New York City Police Department appearing separately and filing separate briefs.
The plaintiff, a detective employed by the defendant New York City Police Department (hereinafter the NYPD) in its Emergency Services Unit, severely injured his eye while attempting to change the carbon dioxide cartridge of an animal tranquilizer gun. The plaintiff commenced this action to recover damages for personal injuries against, among others, the City of New York and the NYPD (hereinafter together the City defendants), alleging, inter alia, violations of General Municipal Law § 205-e, and against NASCO, the distributor of the gun, alleging negligence and strict products liability predicated upon defective design and failure to provide adequate warnings. Following discovery, the City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and NASCO cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
In an order dated March 15, 2017, the Supreme Court, inter alia, granted those branches of the City defendants' motion which were for summary judgment dismissing so much of the first cause of action as alleged violations of General Municipal Law § 205-e, and NASCO's cross claims insofar as asserted against them. The court denied those branches of NASCO's cross motion which were for summary judgment dismissing so much of the second and fourth causes of action as alleged negligence and strict products liability based upon a design defect insofar as asserted against it, and so much of the second cause of action as was predicated on the failure to warn that protective eye gear should be worn when changing the carbon dioxide cartridge of the tranquilizer gun and that removing an end cap while the tranquilizer gun is under pressure could result in the end cap or the carbon dioxide cartridge becoming dangerous airborne projectiles insofar as asserted against it. NASCO appeals, and the plaintiff cross-appeals.
With respect to the appeal, a party injured as a result of a defective product may seek damages against the product manufacturer or others in the chain of distribution if the defect was a substantial factor in causing the injury (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41; Rabon-Willimack v Robert Mondavi Corp., 73 AD3d 1007, 1008). "'A product may be defective when it contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the use of the product'" (Speller v Sears, Roebuck & Co., 100 NY2d at 41, quoting Liriano v Hobart Corp., 92 NY2d 232, 237).
"A 'defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use'" (Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 33, quoting Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107). A defendant moving for summary judgment dismissing a design defect claim must establish, prima facie, that the subject product was reasonably safe for its intended use or that the plaintiff's actions constituted the sole proximate cause of his or her injuries (see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56; Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d at 33-34; Cecere v Zep Mfg. Co., 116 AD3d 901).
Here, NASCO failed to meet that initial burden. Relying primarily on the fact that no other member of the NYPD had reported any problems using the particular gun at issue, NASCO's expert, in their affidavit, opined in mere conclusory fashion that the tranquilizer gun was "appropriately designed." The affidavit did not, for example, contain any explanation of the gun's design, or any discussion of industry standards or costs. Nor did it state whether NASCO had received complaints about any of the other tranquilizer guns it had sold. The conclusory affidavit was insufficient to affirmatively demonstrate, prima facie, that the gun was reasonably safe for its intended use (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d at 34; Cecere v Zep Mfg. Co., 116 AD3d 901).
NASCO further failed to demonstrate, prima facie, that the plaintiff's actions were the sole proximate cause of the subject accident (see Cecere v Zep Mfg. Co., 116 AD3d 901). Triable issues of fact existed, among other things, as to whether the plaintiff was given specific instructions by the NYPD that he failed to follow or whether he used a tool to remove the end cap. Accordingly, the Supreme Court properly denied that branch of NASCO's cross motion which was for summary judgment dismissing so much of the second and fourth causes of action as were [*2]predicated upon an alleged design defect insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court also properly denied that branch of NASCO's cross motion which was for summary judgment dismissing so much of the second cause of action as alleged the failure to warn that protective eye gear should be worn when changing the carbon dioxide cartridge and that removing the end cap while the subject tranquilizer gun is under pressure could result in the end cap or cartridge becoming dangerous airborne projectiles insofar as asserted against it. NASCO, which relied primarily on an instruction sheet produced by the NYPD that the plaintiff testified was never given to him, failed to meet its burden of establishing, prime facie, that the warnings provided to the NYPD were adequate, that no warnings were necessary, or that the failure to give the aforesaid warnings was not a proximate cause of the accident (see Passante v Agway Consumer Prods., Inc., 12 NY3d 372, 382; Samyn v Ariens Co., 177 AD3d 917, 919). Therefore, the court properly denied that branch of NASCO's cross motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Turning to the cross appeal, a police officer may recover under General Municipal Law § 205-e for injuries sustained in the line of duty as a result of "negligent noncompliance with a requirement found in a well-developed body of law and regulation that imposes clear duties" (Williams v City of New York, 2 NY3d 352, 364 [internal quotation marks omitted]; see Gammons v City of New York, 24 NY3d 562, 567-568). Here, the plaintiff predicated his General Municipal Law § 205-e cause of action on, inter alia, Labor Law § 27-a(3)(a)(1). That statute requires that every employer "furnish to each of its employees, employment and a place of employment which are free from recognized hazards that . . . are likely to cause death or serious physical harm to its employees and which will provide reasonable and adequate protection to the lives, safety or health of its employees" (Labor Law § 27-a[3][a][1]).
The City defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing so much of the General Municipal Law § 205-e cause of action as was predicated upon Labor Law § 27-a. The City defendants failed to demonstrate, prima facie, that the tranquilizer gun, which was purchased by the NYPD in 1976, was not defective due to lack of proper maintenance, as alleged by the plaintiff (see Gammons v City of New York, 24 NY3d at 573; Balsamo v City of New York, 287 AD2d 22, 28). Further, "[r]ecovery under General Municipal Law § 205-e 'does not require proof of such notice as would be necessary to a claim in common-law negligence'" (Mulham v City of New York, 110 AD3d 856, 859, quoting Terranova v New York City Tr. Auth., 49 AD3d 10, 17). "Rather, the plaintiff must only establish that the circumstances surrounding the violation indicate that it was a result of neglect, omission, or willful or culpable negligence on the defendant's part" (Mulham v City of New York, 110 AD3d at 859). Here, the City defendants failed to demonstrate, prima facie, that the plaintiff's injury was not the result of their neglect (see id.). Accordingly, that branch of the City defendants' motion which was for summary judgment dismissing so much of the General Municipal Law § 205-e cause of action as was predicated on Labor Law § 27-a should have been denied.
However, the City defendants did demonstrate, prima facie, that the other regulations on which the plaintiff predicated the General Municipal Law § 205-e cause of action—specifically, 29 CFR 1910.132(a) and 29 CFR 1910.133(a)(1)—were inapplicable to the facts of this case (see Herman v Lancaster Homes, 145 AD2d 926). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, that branch of the City defendants' motion which was for summary judgment dismissing so much of the General Municipal Law § 205-e cause of action as was predicated on those regulations was properly granted.
Since that branch of the City defendants' motion which was for summary judgment dismissing NASCO's cross claims insofar as asserted against them was derivative of the summary dismissal of the complaint insofar as asserted against them, that branch of the motion which was addressed to NASCO's cross claims should have been denied.
The plaintiff's contentions regarding the dismissal of certain of the failure-to-warn claims against NASCO are not properly before this Court, as they are raised for the first time in the plaintiff's reply brief (see Canner v Diamond, 187 AD3d 1127; Barnett v Diamond Fin. Co., Inc., 187 AD3d 974).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court