LaScala v QVC (2022 NY Slip Op 00305)





LaScala v QVC


2022 NY Slip Op 00305


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-09617
 (Index No. 53613/17)

[*1]Andrea LaScala, et al., appellants,
v
QVC, et al., respondents.


Caruso Glynn, LLC, Little Neck, NY (Lawrence C. Glynn of counsel), for appellants.
Gerber Ciano Kelly Brady LLP, White Plains, NY (Brendan T. Fitzpatrick and Jensen Varghese of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated July 5, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and strict products liability for design defect and failure to warn, and breach of the implied warranty of merchantability, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff Andrea LaScala (hereinafter LaScala) allegedly was injured on October 7, 2016, outside her home in Bronxville, when she fell off a Swagway-X1 self-balancing scooter, also known as a "hoverboard" (hereinafter the hoverboard), which she had purchased from television retailer QVC as a gift for her daughter. LaScala, and her husband suing derivatively, subsequently commenced this action against Swagway, LLC (hereinafter Swagway), as the manufacturer of the hoverboard, and QVC, as the retailer of the hoverboard, to recover damages for negligence and strict products liability for design defect, manufacturing defect, and failure to warn; breach of express and implied warranties; and loss of services. The defendants moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiffs had failed to identify a specific defect in the hoverboard which proximately caused LaScala's injuries. In an order dated July 5, 2019, the Supreme Court granted the motion, and the plaintiffs appeal.
A party injured as a result of a defective product may seek damages against the product manufacturer or others in the chain of distribution if the defect was a substantial factor in causing the injury (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41; Morales v City of New York, 193 AD3d 923, 925; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 861). "'A product may be defective when it contains a manufacturing flaw, is defectively designed or is not accompanied by adequate warnings for the use of the product'" (Speller v Sears, Roebuck & Co., 100 NY2d at 41, quoting Liriano v Hobart Corp., 92 NY2d 232, 237). "A products liability case can be proven without evidence of any particular defect by presenting circumstantial evidence excluding all causes [*2]of the accident not attributable to the defendant's product, thereby giving rise to an inference that the accident could only have occurred due to some defect in the product" (Alberto v Nassau Sling Co., 11 AD3d 571, 572, citing Halloran v Virginia Chems., 41 NY2d 386; see Speller v Sears, Roebuck & Co., 100 NY2d at 42).
"A 'defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use'" (Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 33, quoting Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107; see Morales v City of New York, 193 AD3d at 925-926). A defendant moving for summary judgment dismissing a design defect cause of action must establish, prima facie, that the subject product was reasonably safe for its intended use or that the plaintiff's actions constituted the sole proximate cause of his or her injuries (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d at 33-34; Cecere v Zep Mfg. Co., 116 AD3d 901).
Here, the defendants failed to meet that initial burden. The defendants' expert, in his affidavit, opined in mere conclusory fashion that the hoverboard was not defectively designed, without providing any explanation of the hoverboard's design, or any discussion of industry standards or costs. Nor did the expert state whether the defendants had received complaints about any of the other hoverboards they had sold. The conclusory affidavit was insufficient to affirmatively demonstrate, prima facie, that the hoverboard was reasonably safe for its intended use (see Morales v City of New York, 193 AD3d at 926; Cecere v Zep Mfg. Co., 116 AD3d at 902). Further, while the defendants' expert opined that LaScala's injury was caused by "user error," LaScala's deposition testimony, furnished by the defendants in support of their motion for summary judgment, suggested that she was using the hoverboard in a manner consistent with Swagway's instructions. In any event, any error committed by LaScala in using the hoverboard was not sufficient to entitle the defendants to summary judgment, because a factfinder could nevertheless conclude that the product was so inherently dangerous, relative to its utility, that it should never have found its way into the stream of commerce as packaged and marketed (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d at 33-34). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and strict products liability for design defect, regardless of the sufficiency of the plaintiffs' opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court further erred in determining that QVC could not be liable to the plaintiffs on a theory of strict liability. While "not every seller is subject to strict liability" (Sukljian v Ross & Son Co., 69 NY2d 89, 95), strict liability "appropriately applies to sellers who engage in product sales in the ordinary course of their business" (Sprung v MTR Ravensburg, 99 NY2d 468, 473). Here, the defendants failed to establish, prima facie, that QVC was only a "casual seller" of the hoverboards with no duty to LaScala (Sukljian v Ross & Son Co., 69 NY2d at 95).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action premised upon a failure to warn. "A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (Liriano v Hobart Corp., 92 NY2d at 237; see Morales v City of New York, 193 AD3d at 927). "[E]ven where a plaintiff fails to read warnings altogether, there may still be a viable cause of action based on the inadequacy of the warnings themselves, as the sufficiency of warnings is not limited to what is warned but also includes consideration of the intensity of the language used and the prominence of its display" (Fredette v Town of Southampton, 95 AD3d 940, 943, citing Johnson v Johnson Chem. Co., 183 AD2d 64, 70). The failure to provide warnings gives rise to liability not only against the manufacturer, but against the distributor and retailer as well (see Johnson v Johnson Chem. Co., 183 AD2d at 72). "'Issues regarding the adequacy of instructions or warnings . . . are generally inappropriate for summary judgment relief'" (Samyn v Ariens Co., 177 AD3d 917, 919, quoting Haight v Banner Metals, 300 AD2d 356, 356). Here, drawing all inferences in favor of the plaintiffs as the nonmoving parties (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d at 862), the defendants' submissions did not eliminate triable issues of fact as to whether LaScala's injury could have been prevented by more prominent or specific warnings regarding the risks and correct means of using the hoverboard to avoid an injury such as that which LaScala sustained (see [*3]Samyn v Ariens Co., 177 AD3d at 919).
The defendants, however, established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging that LaScala was injured as a result of a manufacturing defect in the hoverboard (see Wallace v Sitma U.S.A., Inc., 77 AD3d 918, 918). The defendants' expert, a Product Development Manager at 3BTech, which company was founded by the managing member of Swagway, averred that following LaScala's accident, he examined and tested the specific hoverboard from which LaScala fell. Having inspected more than 10,000 hoverboards over the course of his career, he found that the unit in question performed normally and as expected, with no malfunctioning or evidence of a defect. While the plaintiffs take issue with the expert's qualifications and methodology in testing the hoverboard, these purported shortcomings go to the weight, and not the admissibility, of the opinion evidence (see Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d 723, 724; Erbstein v Savasatit, 274 AD2d 445, 445). Additionally, the defendants submitted the transcript of the deposition testimony of LaScala, who testified that both she and her daughter had used the subject hoverboard previously, and that she had never had trouble using it prior to the date of injury. The defendants' evidence was thus sufficient to establish, prima facie, that the hoverboard was not defective when it left Swagway's control (see Rabon-Willimack v Robert Mondavi Corp., 73 AD3d 1007, 1008-1009; Galletta v Snapple Beverage Corp., 17 AD3d 530, 530). In opposition, the plaintiffs failed to raise a triable issue of fact. While the plaintiffs were permitted to rely on circumstantial evidence to prove a defect, the plaintiffs' submissions did not establish that the hoverboard "did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants" (see Speller v Sears, Roebuck & Co., 100 NY2d at 41). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging negligence and strict products liability based on a manufacturing defect.
As to the causes of action sounding in breach of warranty, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of express warranty. The defendants' submissions in support of their motion established the absence of any express warranty upon which the plaintiffs relied, and the plaintiffs failed to raise a triable issue of fact in opposition (see Mangano v Town of Babylon, 111 AD3d 801, 802). However, since the defendants failed to establish, prima facie, that the hoverboard was "minimally safe for its expected purpose" (Denny v Ford Motor Co., 87 NY2d 248, 259), the court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of implied warranty.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court