Mancuso v Reebok Intl., Ltd. (2022 NY Slip Op 04508)

Mancuso v Reebok Intl., Ltd.

2022 NY Slip Op 04508

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

541 CA 21-01206

[*1]SALLIE MANCUSO AND SAMUEL MANCUSO, PLAINTIFFS-RESPONDENTS,
v
REEBOK INTERNATIONAL, LTD., AND MASON COMPANIES, INC., DEFENDANTS-APPELLANTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MATTHEW C. LENAHAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PAUL W. BELTZ, P.C., BUFFALO (PHILIPP LEE RIMMLER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered August 9, 2021. The order denied defendants' motion for summary judgment dismissing plaintiffs' complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action after Sallie Mancuso (plaintiff) fell while walking down the stairs in her home. At the time of her fall, plaintiff was wearing "Reebok Easytone" shoes that were allegedly "designed, manufactured, assembled and/or distributed" by defendants. Plaintiffs asserted causes of action for negligence, strict products liability predicated on defects in design and manufacture, and breach of express and implied warranties. Defendants moved for summary judgment dismissing the complaint, and Supreme Court denied the motion. We now affirm.
With respect to the strict products liability cause of action, we conclude that, even assuming, arguendo, that defendants met their "initial burden of establishing entitlement to judgment as a matter of law by submitting evidence that [their] product was not defective . . . , and that it was reasonably safe for its intended use" (Menear v Kwik Fill, 174 AD3d 1354, 1355-1356 [4th Dept 2019]; see Beechler v Kill Bros. Co., 170 AD3d 1606, 1607-1608 [4th Dept 2019], lv denied in part and dismissed in part 34 NY3d 973 [2019]), plaintiffs raised a triable issue of fact.
Once defendants met their burden on the motion with respect to strict products liability, the burden "shifted to [plaintiffs] to raise an issue of fact by submitting evidence of a specific flaw in the product . . . or circumstantial evidence that the product did not perform as intended excluding all causes for the product's failure not attributable to [defendants]" (Menear, 174 AD3d at 1357). Inasmuch as plaintiffs did not exclude all causes for plaintiff's fall not attributable to the shoe, the issue here is whether plaintiffs submitted sufficient evidence to raise a triable question of fact regarding a specific flaw in the shoe.
Where, as here, a plaintiff's expert "opines that a particular product is defective or dangerous, describes why it is dangerous, explains how it can be made safer, and concludes that it is feasible to do so, it is usually for the jury to make the required risk-utility analysis" (Terwilliger v Max Co., Ltd., 137 AD3d 1699, 1702 [4th Dept 2016]; see generally Estate of Smalley v Harley-Davidson Motor Co. Group LLC, 170 AD3d 1549, 1552 [4th Dept 2019]). Despite any alleged infirmities in the studies performed by plaintiffs' expert, we agree with the court that there are conflicting opinions between parties' experts, and those conflicts " 'may not [*2]be resolved on a motion for summary judgment' " (Pittman v Rickard, 295 AD2d 1003, 1004 [4th Dept 2002]).
We also note that defendant Reebok International, LTD (Reebok) acknowledged that it intentionally designed the shoe to be unstable in an attempt to provide toning benefits to users. As plaintiffs contend, the fact that the shoe was designed to be unstable is evidence, albeit not conclusive, that the shoe is actually unstable. Although it is true, as defendants point out, that the Federal Trade Commission (FTC) later determined Reebok engaged in false advertising by claiming that the shoe had toning benefits, that does not in itself establish that the shoe was stable, as defendants suggest.
Inasmuch as "there is almost no difference between a prima facie case in negligence and one in strict products [liability]," and the breach of express and implied warranties cause of action is " 'coextensive with [the] tort based [causes of action]' " (Menear, 174 AD3d at 1357), we similarly conclude that the court properly denied defendants' motion with respect to those causes of action.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court