Reed v Watts Water Tech., Inc. (2023 NY Slip Op 00223)

Reed v Watts Water Tech., Inc.

2023 NY Slip Op 00223

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-03545
 (Index No. 705807/14)

[*1]Thomas Reed, appellant, 
v
Watts Water Technologies, Inc., et al., defendants, Edwards Platt & Deely, Inc., respondent.

Certain & Zilberg, PLLC, New York, NY (Gary T. Certain and Douglas Herring of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Mineola, NY (Thomas M. Martyn of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 26, 2020. The order granted that branch of the motion of the defendant Edwards Platt & Deely, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Edwards Platt & Deely, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff, a delivery driver for nonparty Ferguson Enterprises, Inc., allegedly was injured while removing an industrial plumbing valve packaged in a wooden crate from a truck, when the wooden crate broke apart, causing him to lose his balance and fall from the truck. The plaintiff subsequently commenced this action against the defendants Watts Water Technologies, Inc., and Watts Regulator Co., Inc., as the alleged manufacturers of the valve and crate, and the defendant Edwards Platt & Deely, Inc. (hereinafter EPD), as the alleged distributor of the valve and crate, asserting causes of action alleging breach of warranty, negligence, and strict products liability. Prior to the completion of the parties' depositions, EPD moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. EPD argued, among other things, that it could not be held liable for the plaintiff's injuries because it was outside the chain of distribution for the valve and crate. The Supreme Court granted that branch of EPD's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"A party injured as a result of a defective product may seek damages against the product manufacturer or others in the chain of distribution if the defect was a substantial factor in causing the injury" (LaScala v QVC, 201 AD3d 798, 798; see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41). "Liability, however, may not be imposed upon a party that is outside the manufacturing, selling, or distribution chain" (Tyminskyy v Sand Man Bldg. Materials, Inc., 168 AD3d 1118, 1119; see Quinones v Federated Dept. Stores, Inc., 92 AD3d 931, 931; Spallholtz v Hampton C.F. Corp., 294 AD2d 424, 424).
As the party seeking summary judgment, EPD had the burden of establishing its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). "As a general rule, a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (L & D Serv. Sta., Inc. v Utica First Ins. Co., 103 AD3d 782, 783; see Christiana Trust v Moneta, 186 AD3d 1604, 1607). Here, EPD failed to affirmatively demonstrate that it had no role in the sale or distribution of the product that allegedly caused the plaintiff's injuries (see Cordella v Raymond of N.J., LLC, 159 AD3d 975, 976; Stokes v Komatsu Am. Corp., 117 AD3d 1152, 1154). Accordingly, the Supreme Court erred in granting that branch of EPD's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that EPD established that it was outside the chain of distribution.
EPD's remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court