DeCaro v Somerset Indus., Inc. (2024 NY Slip Op 03217)

DeCaro v Somerset Indus., Inc.

2024 NY Slip Op 03217

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-0722
[*1]Joseph DeCaro, as Guardian ad Litem of P.C., an Infant, Appellant,
v
Somerset Industries, Inc., Respondent, et al., Defendant. (And a Third-Party Action.)

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Costello, Cooney & Fearon, PLLC, Syracuse (Jennifer L. Wang of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Kimberly A. O'Connor, J.), entered March 2, 2023 in Albany County, which, among other things, granted a motion by defendant Somerset Industries, Inc. for summary judgment dismissing the complaint against it.
Between June 2008 and March 2018, third-party defendant Ana, also known as Claudia Calabria (hereinafter Calabria), and her husband operated defendant CafÉ Crisan Inc. (hereinafter the bakery), a bakery on Lark Street in the City of Albany. In March 2018, Calabria's 23-month-old child (hereinafter the infant) was at the bakery with Calabria playing with fondant on a table in the decorating room, while standing on a stool near a Somerset CDR-500 dough sheeter machine (hereinafter the sheeter). Thereafter, the infant indicated that she wanted Calabria to flatten a piece of fondant that she was playing with — according to Calabria, the infant enjoyed playing with fondant as it is similar in texture to "Play Doh" but also edible. Calabria moved the infant closer to the sheeter to allow the infant to observe the flattening process; after the fondant was flattened, Calabria turned off the sheeter. While Calabria was distracted nearby, the infant turned on the sheeter and placed the fondant into the sheeter, inserting her hand to push the fondant through. Consequently, the infant's fingers were crushed by the rollers in the sheeter, causing the loss of all five fingers on her right hand. Plaintiff, as the appointed guardian ad litem for the infant, commenced the instant action against defendant Somerset Industries, Inc. (hereinafter defendant), the manufacturer of the sheeter, as well as the bakery. Plaintiff asserted claims for strict products liability — based upon a failure to warn and defective design — and breach of warranty. More specifically, plaintiff alleged that defendant negligently designed its sheeter and failed to provide sufficient warnings, while the bakery, through its agents, negligently placed the infant near the sheeter.
In its answer, defendant filed a cross-claim for contribution against the bakery and then also filed a third-party complaint against Calabria in her individual capacity and as an employee of the bakery. Defendant alleged that Calabria's action in negligently moving the infant in close proximity to a dangerous machine directly and proximately caused the infant's injury. Defendant thereafter moved for summary judgment dismissing the complaint against it, which motion Calabria and plaintiff opposed.[FN1] Ultimately, Supreme Court granted defendant's motion and dismissed the complaint based upon a determination that defendant sold a machine that was reasonably safe for its intended use with adequate warnings and that the infant's use of the sheeter was not reasonably foreseeable; thus, Calabria's actions were the sole proximate cause of the infant's injury.[FN2] Plaintiff appeals.
"Generally, and as relevant here, a person injured by an allegedly defective product may assert a claim [*2]against the manufacturer of a product based on negligence or strict products liability" (Barclay v Techno-Design, Inc., 129 AD3d 1177, 1178 [3d Dept 2015] [citation omitted]). "[A] plaintiff may assert that the product is defective because of . . . an improper design or because the manufacturer failed to provide adequate warnings regarding the use of the product" (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107 [1983] [internal citation omitted]; see Darrow v Hetronic Deutschland GmbH, 181 AD3d 1037, 1039 [3d Dept 2020]). Here, plaintiff contends that Supreme Court erred in granting defendant's motion for summary judgment because there are material issues of fact, based upon competing expert opinions, as to whether the sheeter was defectively and negligently designed, and there are also material issues of fact regarding whether the sheeter lacked adequate warnings.
"A defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use" (Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 33 [2011] [internal quotation marks and citations omitted]; accord Morales v City of New York, 193 AD3d 923, 925-926 [2d Dept 2021]). "A defendant moving for summary judgment dismissing a design defect claim must establish, prima facie, that the subject product was reasonably safe for its intended use or that the plaintiff's actions constituted the sole proximate case of his or her injuries" (Morales v City of New York, 193 AD3d at 926 [citations omitted]). "Only after this showing has been made does the burden shift to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material triable issues of fact" (Moscatiello v Wyde True Value Lbr. & Supply Corp., 168 AD3d 833, 834 [2d Dept 2019] [citation omitted]; see Warnke v Warner-Lambert Co., 21 AD3d 654, 655 [3d Dept 2005]). "The issue of whether a product is defectively designed such that its utility does not outweigh its inherent danger is generally one for the jury to decide in light of all the evidence presented by both the plaintiff and defendant" (Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d at 33 [internal quotation marks, ellipsis and citation omitted]).
Assuming that defendant's submissions, which included an expert affidavit by Dennis B. Brickman, a licensed professional engineer, who opined that the sheeter was not defective nor was it unreasonably dangerous for its intended use, established defendant's prima facie burden, we find that plaintiff's submissions raised a triable issue of fact. In response, plaintiff submitted two expert affidavits, the first from Jeffrey Ketcham, a licensed professional engineer, and the other from John M. Corliss, also a licensed professional engineer. In his report, Ketcham opined that the safety cover on the sheeter was too large and did not provide adequate guarding [*3]from the rollers. In support of this opinion, Ketcham cited to Occupational Safety and Health Administration requirements for machine guarding. Ketcham also proposed "alternate feasible designs" that would have prevented this accident from occurring. Corliss, in his affidavit, opined that the sheeter had a design failure in that there was no guard on the inlet slot preventing the infant, or those with small wrists, from being able to reach in and come in contact with the rollers. Corliss explained that, had a Failure Modes and Effects analysis been performed prior to the sheeter entering the stream of commerce, this design failure could have been addressed. Corliss explained that there are feasible safer design alternatives and pointed to two products also manufactured by defendant that also roll/flatten dough but that are designed to "prevent unintended roller contact by the user." Corliss also pointed to other features, such as a guarded and lighted "on" switch, which would have made the sheeter safer.
Given the foregoing "competing expert opinions . . . [there is] a triable issue of fact regarding whether a design defect exists" (Palmatier v Mr. Heater Corp., 159 AD3d 1084, 1086 [3d Dept 2018] [citations omitted]; see Mancuso v Reebok Intl., Ltd., 207 AD3d 1240, 1241 [4th Dept 2022]; Barclay v Techno-Design, Inc., 129 AD3d at 1180). Moreover, even if, as defendant contends, Calabria's action of putting the infant on the stool in front of the sheeter was a proximate cause of the injury, "so long as defendant's negligence and unsafe design can be shown to be a substantial cause of the events which produced the injury, the existence of another proximate cause of the accident in addition to defendant's defective design does not excuse defendant from liability" (Fisher v Multiquip, Inc., 96 AD3d 1190, 1195 [3d Dept 2012] [internal quotation marks and citations omitted]; see Voss v Black & Decker Mfg. Co., 59 NY2d at 110).[FN3] Accordingly, we find "the proximate cause issue is one for [a] jury and summary judgment at this point is inappropriate" (Craft v Mid Is. Dept. Stores, 112 AD2d 969, 971 [2d Dept 1985]; see Decker v Forenta LP, 290 AD2d 925, 926 [3d Dept 2002]). Therefore, "viewing the evidence in a light most favorable to plaintiff, Supreme Court should not have granted summary judgment to defendant on plaintiff's defective design claim" (Fisher v Multiquip, Inc., 96 AD3d at 1195).
We turn now to the failure to warn claim. "A manufacturer, distributor or seller generally has a duty to warn against latent dangers associated with the use of its product that were or should have been known" (Palmatier v Mr. Heater Corp., 159 AD3d at 1087 [citation omitted]; see Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 495 [2019]). "Failure-to-warn liability is intensely fact-specific, including but not limited to such issues as feasibility and difficulty of issuing warnings in the circumstances; obviousness of the risk from actual use of the product[*4]; knowledge of the particular product user; and proximate cause" (Vasquez v Ridge Tool Pattern Co., 205 AD3d 657, 659 [1st Dept 2022] [internal quotation marks and citations omitted]). "Issues regarding the adequacy of instructions or warnings are generally inappropriate for summary judgment relief" (LaScala v QVC, 201 AD3d 798, 800 [2d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see DiMura v City of Albany, 239 AD2d 828, 829 [3d Dept 1997]), but rather are "a question of fact to be determined at trial" (Repka v Arctic Cat, Inc., 20 AD3d 916, 918 [4th Dept 2005] [internal quotation marks and citation omitted]).
Assuming that defendant's submissions, which included warnings to keep fingers and hands from the roller area in the operations manual and on the sheeter, met its prima facie burden, plaintiff's submissions raised a triable issue of fact. Specifically, plaintiff offered into evidence a video, which appears to have been created by defendant and posted on its YouTube web page, showing how to use the sheeter. In this video, the individual using the sheeter is depicted, during the first time the dough is put through the sheeter, pushing the dough into the infeed slot so far that four of the user's fingers — excluding the thumb — are completely inside of the infeed slot. Additionally, at her deposition, Calabria testified that, when feeding a bigger piece of dough through the sheeter, she would have to push it through with her hands, close to the rollers, so that the rollers could pull and catch the dough. She also testified that, in defendant's YouTube video, "half of the hand is inside [the sheeter]." Ketcham, in his report, also opined that the warnings were defective "given that the protection provided by the safety cover is inadequate" and that, while Calabria was "likely inherently aware" of the injury that could be caused by the rollers, "she also had reason to believe that the provided safety cover — which was interlocked — would protect against injury" (see generally Vasquez v Ridge Tool Pattern Company, 205 AD3d at 659). Ketcham also noted that "the rollers and their hazard are hidden from view."
While the infant's use of the sheeter based solely on her age is arguably not foreseeable, inserting one's fingers into the sheeter to push dough through to the rollers certainly was, as defendant expressly depicted this on its YouTube page (see generally Johnson v Johnson Chem. Co., 183 AD2d 64, 69-70 [2d Dept 1992]; Oliver v NAMCO Controls, 161 AD2d 1188, 1189-1190 [4th Dept 1990]; compare Richards v Ford Motor Co., 198 AD3d 467, 468-469 [1st Dept 2021], lv denied 38 NY3d 909 [2022]). Moreover, while any warnings would be superfluous as to the infant given her age and inability to read at the time of the accident, the warnings are relevant to Calabria, who placed the infant in front of the sheeter. This is so especially given her testimony that she believed the sheeter was safe, in part based on the operations manual [*5]and YouTube video. Thus, plaintiff raised an issue of fact as to whether the adequacy of the warnings was a substantial factor in bringing about the injury (compare Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423 [1st Dept 2010]; Cramer v Toledo Scale Co., 158 AD2d 966, 966 [4th Dept 1990]). Therefore, plaintiff's submissions raised a triable issue of fact as to whether defendant's warnings to keep fingers and hands from the roller area were adequate, especially in light of the video where an individual is doing the exact opposite (see generally LaScala v QVC, 201 AD3d at 800; Garcia v Woodgrove Sales, Inc., 65 AD3d 516, 516-517 [2d Dept 2009]; compare Fisher v Multiquip, Inc., 96 AD3d at 1193).
Clark, J.P., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Somerset Industries, Inc. for summary judgment; motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: Calabria also sought summary judgment dismissing the third-party complaint and the bakery joined Calabria's motion. Defendant opposed the motion. Supreme Court denied Calabria's motion. The third-party action is not at issue on appeal.

Footnote 2: Plaintiff confirms on appeal that the breach of warranty claim is no longer at issue.

Footnote 3: We also find that Ketcham's expert report raised a question of fact as to the foreseeability of this product being used in a "small bake shop or restaurant environment where . . . children might be present" (compare Estrada v Berkel Inc., 14 AD3d 529, 530 [2d Dept 2005], lv denied 4 NY3d 709 [2005]).