Bliss v Henry Schein, Inc. (2025 NY Slip Op 03413)

Bliss v Henry Schein, Inc.

2025 NY Slip Op 03413

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

180 CA 24-00727

[*1]PETER T. BLISS AND ANDREA BLISS, PLAINTIFFS-RESPONDENTS,
v
HENRY SCHEIN, INC., DEFENDANT-APPELLANT, AND MIDMARK CORPORATION, DEFENDANT. (APPEAL NO. 2.) 

GOLDBERG SEGALLA, LLP, WHITE PLAINS (WILLIAM T. O'CONNELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KILEY, KILEY & KILEY, PLLC, LAKE SUCCESS (JAMES D. KILEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered December 6, 2023. The order, among other things, denied the motion of defendant Henry Schein, Inc. for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Henry Schein, Inc. in part, dismissing the second cause of action against that defendant, and dismissing the first cause of action against that defendant insofar as it is premised on the same allegations as the second cause of action, and as modified the order is affirmed without costs.
Memorandum: Peter T. Bliss (plaintiff) was injured when a wall-mounted cabinet in his workplace detached from the wall and fell on him. The cabinet was manufactured by defendant Midmark Corporation and distributed and installed by Henry Schein, Inc. (defendant), who mounted the cabinet by hanging it on a bracket that defendant screwed into the wall. Plaintiffs asserted causes of action against defendant sounding in, among other things, negligence and strict products liability. Defendant now appeals from an order that, inter alia, denied its motion for summary judgment dismissing the complaint against it.
We agree with defendant that Supreme Court erred in denying that part of the motion with respect to plaintiffs' second cause of action, for strict products liability, and we therefore modify the order accordingly. Defendant met its initial burden on the motion of establishing that the product was not defective (see Menear v Kwik Fill, 174 AD3d 1354, 1355-1356 [4th Dept 2019]; Cassatt v Zimmer, Inc., 161 AD3d 1549, 1550 [4th Dept 2018]; see generally Finerty v Abex Corp., 27 NY3d 236, 241 [2016]) and that it was reasonably safe for its intended use (see generally Denny v Ford Motor Co., 87 NY2d 248, 257 [1995], rearg denied 87 NY2d 969 [1996]). The burden then shifted to plaintiffs to raise an issue of fact by submitting evidence of a specific flaw in the product or circumstantial evidence that the product did not perform as intended, excluding all causes for the product's failure not attributable to defendant (see Menear, 174 AD3d at 1356). In opposition, however, plaintiffs did not identify any particular design or manufacturing defect in the cabinet or bracket and instead asserted that the cabinet had been improperly installed because defendant failed either to secure the bracket into a stud or stud-mounted backing or to secure the cabinet directly into the wall.
To the extent that plaintiffs' first cause of action, for negligence, against defendant is based on the same allegations as their strict products liability cause of action, it must also be dismissed (see Mancuso v Reebok Intl., Ltd., 207 AD3d 1240, 1241-1242 [4th Dept 2022]; [*2]Menear, 174 AD3d at 1357), and we further modify the order accordingly. To the extent that the negligence cause of action against defendant is based on allegations that defendant negligently installed the cabinet and bracket, however, we conclude that defendant failed to meet its initial burden and that the court thus correctly denied the motion with respect to that part of the first cause of action. Although defendant's expert opined that the cabinet had been properly installed, that opinion was based on the expert's conclusion that the accident occurred when plaintiff, who was attempting to reach something at the top of the cabinet, grabbed the cabinet doors as he fell, thereby overloading the bracket with the leveraged force of his body weight. Although that sequence of events was supported by the deposition testimony of one witness, plaintiff testified that he did not pull on the cabinet as suggested by defendant's expert. Under these circumstances, we conclude that defendant's own submissions raised an issue of fact with respect to the manner in which the accident occurred, rendering summary judgment inappropriate (see Abramo v Pepsi-Cola Buffalo Bottling Co., 224 AD2d 980, 981 [4th Dept 1996]; see generally Wasson v Szafarski, 6 AD3d 1182, 1183 [4th Dept 2004]; Burlingame v Hefti, 181 AD2d 986, 986 [4th Dept 1992]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court